Peter A. Quinn, J.
This is an article 78 proceeding to review and annul a determination of the City Rent Administrator finding that the subject apartment is ineligible for rent decontrol.
On April 30, 1964 the landlord-petitioner filed a report of eligibility for decontrol for the subject apartment alleging that the maximum rent was $256.66 per month on April 1, 1960.
Prior to June 15, 1958 the rental was $256.66 per month. This was the maximum rental to which petitioner at all times was entitled upon rendering of all essential services. On August 8, 1958 the Temporary State Housing Rent Commission determined that building services had decreased and it ordered the monthly rental of the subject apartment reduced to $218.61 for the period from June 15, 1958 to September 1, 1958, and it set the rent for the period subsequent to September 1, 1958 at $243.83 per month. Continued controversy caused the rent of the subject apartment to fluctuate from $243.83 to $256.66 until May 17, 1960. On May 17, 1960 the Local Rent Office of the Rent Commission issued an order reciting that “ the maximum rent for the above described housing accommodation be, and it hereby is, changed from $243.83 per month to $256.66 per month.” (Building services had been restored.) The order stated further that “ this order shall be effective as of *184 January 1, 1960.” The tenant paid the landlord the sum of $64.15 representing the difference between the rent paid ($243.83) and the rent as restored ($256.66) for the period from January 1, 1960 to May 31, 1960. The rent has remained at $256.66 to date.
On September 24, 1964 the District Rent Director issued an order in which it was determined that the subject apartment was not eligible for decontrol since the maximum rent in effect on April 1, 1960 was $243.83 per month. Thereafter the petitioner filed his protest with the City Rent and Rehabilitation Administration protesting the District Rent Director’s determination. The Administrator denied the petitioner’s protest and held that the subject apartment was ineligible for decontrol. The Administrator’s denial was based exactly on the same reasoning as the District Rent Director.
The applicable statutes involved in this proceeding are Local Law No. 13 of the Local Laws of 1964 of the City of New York (Administrative Code, § Y51-3.0, subd. e, par. 2, cl. [i], item [7]) and section 2 (subd. f, par. [14]) of the New York City Rent, Eviction and Rehabilitation Regulations. Both statutes are identical and require that certain conditions and facts be found to exist before premises may be decontrolled. All of the conditions set out in the above sections have been determined by respondent to exist with one exception: Respondent contends that the subject apartment’s maximum rent was not over $250 “as of April 1, 1960 ”; interpreting the words ‘ ‘ rents * * * as of April 1, 1960 ’ ’ to mean the rent the landlord was entitled to demand and receive under whatever orders fixing the maximum rent were prospectively in force on that date. This interpretation overlooks the fact that the lawful maximum rent for these accommodations was under review by the Rent Commission on April 1, 1960 and had been for some time before and it tends to impugn the later lawful retrospective findings of the Rent Commission that the landlord had restored essential services prior to January 1, 1960 and was entitled to demand and receive a maximum rent in excess of $250 on January 1, 1960 and each rent day thereafter including April 1, 1960. The Rent Administrator may not now ignore, repudiate or refuse to give full credit to the valid, unmodified, unrevoked order of the predecessor agency nor indirectly limit by strained interpretation the full retroactive effect of such order. Respondent is bound by the plain, effective terms of that prior order to find now that the lawful maximum rent as of April 1, 1960 was in excess of $250. Any other finding flies in the face of the indisputable record and consti *185 tutes an untenable collateral attack on the validity of the still subsisting findings and order of the Rent Commission.
Respondent’s decision based on a purported interpretation of a portion of the language in section Y51-3.0 (subd. e, par. 2) of the New York City Administrative Code was arbitrary and capricious and not in accordance with existing facts.
The application is granted and the respondent’s determination is reversed and respondent shall issue to petitioner a certificate of decontrol affecting the subject apartment.