In the Matter of PHILBERN REALTY CORP., Petitioner, v. CITY RENT AND REHABILITATION ADMINISTRATION, Respondent.

Supreme Court, Special Term, New York County, June 27, 1966.

*McLaughlin, Fougner & Messing (Robert S. Fougner* of counsel), for petitioner. *Maurice A. Reichman* and *Allen Redlich* for respondent.

CHARLES G. TIERNEY, J. Petitioner moves for an order annulling respondent's determination and directing the decontrol of the two subject apartments. The question is whether on April 1, 1960 the maximum rentals exceeded $250. Section 2 (subd. f, par. [14], cl. [c]) of the Rent, Eviction and Rehabilitation Regulations provides for decontrol on and after April 1, 1965 of "individual housing accommodations having unfurnished maximum rents of $250.00 to $299.99, inclusive, per month as of April 1, 1960 ".

By orders of June 17, 1960 the maximum rents of the two apartments, respectively, were increased from $229.38 to $263.29 and from $225.16 to $258.93. The orders were effective as of December 17, 1959. On April 1, 1960, the higher rents were not paid by reason of leases still in effect, fixing rentals below $250. Decontrol was denied because the landlord, on April 1, 1960, could not demand a rental of $250. The order and opinion states: " The record indicates that on June 17, 1960, the District Rent Director issued orders effective December 17, 1959 for the subject apartments granting increases on the basis of a net annual return adjustment so that the maximum rents exceeded $250.00 per month as of December 17, 1959. The record also shows that leases were still in effect for the subject apartments which recited rents in amounts less than $250.00 per month. The record therefore reveals that the effect of the orders issued June 17, 1960 did not increase the amounts of rent that the landlord was entitled to demand and receive for the subject apartments on April 1, 1960. Consequently, the landlord could only collect the lease rents for the subject apartments as of April 1, 1960, such rents being less than $250.00 per month."

The issue before this court therefore is whether a lease rent or the rent on file with the City Rent Administration should be considered the maximum rent for purposes of decontrol.

In *Matter of Himis Co.* v. *Gabel* (48 Misc 2d 183), the lawful maximum rent exceeded $250 per month but before the critical date, April 1, 1960, the rent was reduced to an amount less than $250 monthly for failure to render essential services. After the critical date an order was issued restoring the rent to an

amount in excess of $250, effective January 1, 1960. The court upheld the retroactive effect of the orders of the Administrator and granted relief.

The case of *Hartley Holding Corp.* v. *Gabel* (N. Y. L. J., June 17, 1965, p. 14, col. 5, affd. 25 A D 2d 819) upon which respondent so strongly relies, is not controlling. There, as here, a lease was in effect which fixed the rent at less than $250. However, '' the order fixing maximum rent specifically provided that same was not to be effective until the termination of the existing lease.'' Here, the controlling orders did fix maximum rent in excess of $250 effective on a date prior to April 1, 1960. Respondent takes the position that the section on decontrol does not apply to '' maximum '' rents of $250 or more but rather to '' collectible '' rents of $250 or more. This is contrary to the clear meaning of the regulation in issue and is a strained interpretation of the June 17, 1960 orders of the Administrator. Respondent cannot nullify the effect of the June 17, 1960 orders of the Administrator.

Petitioner is entitled to relief. The motion is granted.